[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14581
Non-Argument Calendar
_____

D.C. Docket No. 9:17-cr-80047-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADRIAN ARRELLANO GUAJARDO,

Defendant-Appellant.

_____

No. 17-14582
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cr-60301-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADRIAN ARRELLANO GUAJARDO,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(June 13, 2018)

Before WILSON, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Adrian Arrellano Guajardo appeals his 168-month concurrent sentences for two counts of possession with intent to distribute methamphetamine and a mixture containing methamphetamine. He asserts that his sentences are substantively unreasonable because the district court disregarded certain mitigating factors—such as his imminent deportation order following imprisonment, his strong family ties to the United States, and his minor criminal history—when it denied his request for a downward variance. After careful review, we affirm.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard of review. *Gall v. United States,* 552 U.S. 38, 41 (2007). If the sentence is procedurally sound, then we consider the sentence's substantive reasonableness, taking into consideration the extent of any variance from the

2

guideline range. *Id.* at 51. We will reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [18 U.S.C.] § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*).

A district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *Id.* at 1189. The party seeking to prove the sentence unreasonable bears the burden of proof. *Id.* at 1191 n.16. Where a sentence is consistent with the guidelines' application of the § 3553(a) factors, it is probable that the sentence is reasonable. *Id.* at 1185.

The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2). Importantly, the district court has the discretion to weigh the § 3553(a) factors and may "attach great weight to one factor over others." *United States v. Cubero,* 754 F.3d 888, 892 (11th Cir. 2014) (quotation marks omitted). Furthermore, the district court is

3

not required to state that it has considered each factor enumerated in § 3553(a); rather, an acknowledgement that it has considered the § 3553(a) factors will suffice. *United States v. Turner,* 474 F.3d 1265, 1281 (11th Cir. 2007).

Here, the district court did not abuse its discretion when it imposed Guajardo's concurrent 168-month sentences. The district court provided a comprehensive analysis of the § 3553(a) factors that it used to fashion Guajardo's sentences, expressly relying on the nature and circumstances of the offense, Guajardo's history and characteristics, and the need for both specific and general deterrence. The record demonstrates that the district court considered the impact of Guajardo's imprisonment and imminent deportation order on him and his family, as well as his minor criminal history. Nevertheless, the court determined that a downward variance was not appropriate in light of the quantity of drugs sold, the purity content of the drugs, the dollar amount of the sale, and the dangerous and addictive nature of methamphetamines. The district court had the discretion to weigh these factors, and Guajardo has not shown that it made a clear error of judgment in concluding that these within-guidelines sentences were warranted after weighing the mitigating factors against the aggravating factors. *See United States v. Saac,* 632 F.3d 1203, 1214–15 (11th Cir. 2011); *Irey,* 612 F.3d at 1189. And importantly, Guajardo's sentences were at the low end of the guideline range—a

4

further indication that his sentences are not substantively unreasonable. *See Irey,*
612 F.3d at 1185.

*  *  *

For the foregoing reasons, we hold that Guajardo's 168-month concurrent
sentences are not substantively unreasonable.  Accordingly, we affirm.

**AFFIRMED.**